Roman Otkupman, CSBN 249423
*Roman@OLFLA.com*
Nidah Farishta, CSBN 312360
*Nidah@OLFLA.com*
**OTKUPMAN LAW FIRM, A LAW CORPORATION**
5743 Corsa Ave., Suite 123,
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorney for Plaintiff,
Brenda Ganther

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA GANTHER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSDEV SERVICES, INC., a Maryland Corporation, and DOES 1 through 100, inclusive.<br><br>Defendants. | Case No.     4:22-cv-04230-KAW<br>[Consolidated with Case No. 4:22-cv-08894-KAW]<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF (LABOR CODE § 226.7, 512 and 558);**<br><br>2. **FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF (LABOR CODE § 226.7, 512 and 558);**<br><br>3. **FAILURE TO PAY ALL WAGES IN VIOLATION OF (LABOR CODE §§ 510, 1194, 1194.2);**<br><br>4. **KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e), 1174(d);**<br><br>5. **FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION (LABOR CODE §§ 201-203);**<br><br>6. **FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF LABOR CODE § 204(a)(b);**<br><br>7. **FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN** |

**VIOLATION OF (LABOR CODE § 2802);**

**<u>DEMAND FOR JURY TRIAL</u>**

PLAINTIFF, Brenda Ganther ("Plaintiff"), complains of Defendants as follows:

## I.   INTRODUCTION

1. At all times herein mentioned, Plaintiff Brenda Ganther, is and was a resident of the City of Vacaville, State of California.

2. At all times herein mentioned, Defendant Transdev Services, Inc., and Does 1-100 (hereinafter also referred to as "Defendants"), were licensed to do business within the City of Napa, County of Napa. Defendants employed the Plaintiff at 720 Jackson St, Napa, CA 94559. Plaintiff is informed and believes that said Defendants employed more than 5 employees within a 50-mile radius of the location where Plaintiff was employed.

3. The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4. Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of the agency, employment, or representative capacity, with the consent of her/his codefendants.

5. Plaintiff began working for Defendants on or about August 4, 2021. While working for Defendant as a Bus Driver, Plaintiff was earning approximately $18.75 dollars per hour.

6. Plaintiff was routinely unable, and not authorized to take his 10-minute rest periods and was also unable to take an uninterrupted 30-minute meal break for every shift he worked. Specifically, Plaintiff was forced to continue working through her meal and rest breaks in order to

assist Defendant's needs. Because of this, Plaintiff was unable to take his required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff who was denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

7. Plaintiff also claims that Defendants has failed to pay all overtime wages due to her. As a result, he was not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Plaintiff regularly worked in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of his regular rate. Plaintiff and was forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

8. Defendants failed to issue Plaintiff accurately itemized wage statements. As Defendants failed to compensate Plaintiff with all wages due, as detailed above, his wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff.

9. Defendants knowingly and intentionally failed to provide Plaintiff timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records ad required by §1174(d). The statements provided to Plaintiff and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

10. Our client further alleges that Defendants paid her his final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of his employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of his separation, they were not paid all final wages due and owing for the entirety of his employment. This violates Labor Code §§ 201-203.

11. Defendants pay Plaintiff on a bi-weekly basis and has failed to comply with Labor Code

§ 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff did not receive all of his wages earned in a timely manner as required by Labor Code § 204(a)(b).

12. Defendant failed to reimburse Plaintiff for the equipment they purchased to perform work for Defendant such as face masks. Defendant further failed to reimburse Plaintiff her personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff has incurred reasonable and necessary expenses in the course of her job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

13. Defendants failed to pay all wages earned to Plaintiff as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff was underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required.

14. Plaintiff brings this claim pursuant to *Business & Professions Code § 17200, et seq.* The conduct of all Defendants as alleged above has been and continues to be unfair, unlawful, and harmful to Plaintiff.

15. Plaintiff, brings this action pursuant to Labor Code §§ 226.7, 512, and 558, Labor §§ 510, 1194, 1194.2, Labor § 1194(a), Labor § 226(a)(e), 1174(d), Labor Code § 201-203, Labor Code § 204(a)(b), Labor § 2802.

16. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendants operate within the State of California. The unlawful acts alleged herein took place in Napa, California.

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF
### (LABOR CODE §§ 226.7, 512 and 558)

17. Plaintiff incorporates paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more meal periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7,

512 and 558.

19. Plaintiff was routinely unable, and not authorized to take an uninterrupted 30-minute meal break for every shift he worked. Specifically, Plaintiff was forced to continue working through his meal breaks in order to assist Defendant's needs. Because of this, Plaintiff was unable to take his required meal breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff who was denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

20. Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiff seeks the payment of all meal period compensations, which he was owed since he commenced to work for Defendants, according to proof.

21. Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

22. Wherefore, Plaintiff seeks to represent request relief as described below.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF
## (LABOR CODE §§ 226.7, 512 and 558)

23. Plaintiff incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more rest periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7, 512 and 558.

25. Plaintiff was routinely unable, and not authorized to take his 10-minute rest periods for every shift he worked. Specifically, Plaintiff was forced to continue working through his rest breaks in order to assist Defendant's needs. Because of this, Plaintiff was unable to take his rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed rest break to Plaintiff who was denied timely rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

26. Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiff seeks the payment of all rest period compensations, which he was owed since he commenced to work for Defendant, according to proof.

27. Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and

prejudgment interest.

28. Wherefore, Plaintiff seeks to represent request relief as described below.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES IN VIOLATION OF
## (LABOR CODE §§ 510, 1194, 1194.2)

29. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

30. During the liability period, Defendants failed to pay all wages to Plaintiff.

31. Plaintiff also claims that Defendants has failed to pay all overtime wages due to her. As a result, he was not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Plaintiff regularly worked in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of his regular rate. Plaintiff and was forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

32. As a result, Plaintiff was not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

33. As a result of the unlawful acts of Defendants in willfully filing to pay all alleges, Plaintiff has been deprived of wages in amounts to be determined at trial, and are entitled to restitution and recovery of such amounts, plus interest thereon, attorneys' fees, and costs pursuant to Labor Code § 1194 and liquidated damages pursuant to Labor Code § 1194.2.

## FOURTH CAUSE OF ACTION
## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED
## EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a),(e), 1174(d))

34. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

35. Section 226(a) of the California Labor Code requires Defendants to provide wage statements to employees. In those wage statements, Defendants must accurately set forth, among other things, the total gross and net wages earned, and all hourly rates in effect, for Plaintiff. Defendants

FIRST AMENDED COMPLAINT   6

have knowingly and intentionally failed to comply with Labor Code § 226(a).

36. Defendants failed to issue Plaintiff accurately itemized wage statements. As Defendants failed to compensate Plaintiff with all wages due, as detailed above, his wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff.

37. Defendants knowingly and intentionally failed to provide Plaintiff timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records ad required by §1174(d). The statements provided to Plaintiff, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

38. The wage statements provided to Plaintiff fail to accurately itemize in wage statements total gross and net wages earned, and all hourly rates in effect for Plaintiff. Defendants' violations of Labor Code § 226(a) are knowing and intentional, and Plaintiff has suffered injury as a result of the receipt of defective wage statements, thereby entitling her to penalties pursuant to Labor Code § 226(e).

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY WAGES DUE AT THE TIME OF DISCHARGE IN VIOLATION OF LABOR CODE §§ 201-202, RESULTING IN SECTION 203 WAGES AND PENALTIES (WAITING TIME PENALTIES)

39. Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

40. At all times material herein, the California Labor Code Sections 201, 202, and 203 were in effect and binding on Defendant.

41. California Labor Code § 202 requires employers to pay employees all wages due within seventy-two (72) hours of resignation. California Labor Code § 201 states in pertinent part that "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as penalty, continue to pay

FIRST AMENDED COMPLAINT        7

the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

42. Plaintiff was entitled to compensation for unpaid wages, but to date has not received such compensation. Specifically, Defendants failed to pay Plaintiff all wages due to Plaintiff at the time of his separation of employment from Defendant's. Thus, since Defendant failed to promptly pay Plaintiff all wages due to Plaintiff at the time of his separation of employment, Defendant violated Section 201 of the Labor Code and Plaintiff is therefore entitled to wages and penalties pursuant to Labor Code Section 203.

43. More than 30 days have passed since Plaintiff's employment ended with Defendants.

44. As a consequence of Defendant's willful conduct in not paying wages owed to Plaintiff, Plaintiff is entitled to 30 days of wages as a penalty pursuant to Labor Code § 203 for Defendant's failure to timely pay legal wages, together with attorney's fees and cost of suit, and interest pursuant to California Labor Code Section 218.5.

## SIXTH CAUSE OF ACTION

**FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF LABOR CODE § 204(a)(b)**

45. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

46. At all times relevant herein, Labor Code § 204 was in full force and effect and binding on Defendants.

47. Wages must be paid according to a regularly set schedule. (Labor Code § 204). All earned wages must be paid at least twice a month, on days designated in advance by the employer. Work performed between the 1st and the 15th days, inclusive, of any calendar month must be paid between the 16th and 26th day of the same month. Work performed between the 16th and the last day of the month must be paid between the 1st and 10th day of the following month. (Labor Code § 204). Weekly or bi-weekly (every two weeks) payroll must be paid within seven (7) days of the end of the pay period in which the wages were earned (Labor Code §§ 204(a), 204(b)).

48. Defendants pay Plaintiff on a bi-weekly basis and have failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff did not receive all of his wages earned in a timely manner as required by Labor Code §

204(a)(b).

49. Defendants have failed to comply with the above-section because they waited longer than seven days from the close of the pay period to pay its bi-weekly paid Plaintiff.

## SEVENTH CAUSE OF ACTION

## FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF CALIFORNIA LABOR CODE § 2802

50. Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

51. Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

52. Defendant failed to reimburse Plaintiff for the equipment they purchased to perform work for Defendant such as face masks. Defendant further failed to reimburse Plaintiff her personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff has incurred reasonable and necessary expenses in the course of her job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

53. Plaintiff is entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and cost, under Labor Code § 2802.

54. Plaintiff also requests relief as described below.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. That Defendants are found to have violated the requirements of Labor Code § 203 for failure to timely pay wages due at termination.

3. That Defendants are found to have violated the requirements of Labor Code § 226(e) for failure to comply with itemized employee wage statement provisions.

4. That Defendants are found to have violated the requirements of Labor Code §

1174(d) for failure to comply with itemized employee wage statement provisions.

5. That Defendants are found to have violated the requirements of Labor Code § 226.7 for failure to provide meal and rest periods or compensation in lieu thereof.

6. That Defendants are found to have violated the requirements of Labor Code § 510 for failure to pay all wages.

7. That Defendants are found to have violated the requirements of Labor Code § 1194.2 for failure to pay all wages.

8. That Defendants are found to have violated the requirements of Labor Code § 204(b) for failure to timely pay Plaintiff.

9. That Defendants are found to have violated the requirements of Labor Code § 2802 for failure to reimburse for business expenses.

10. An award of prejudgment and post-judgment interest;

11. An award providing for payment of costs of suit;

12. An award of attorneys' fees; and

13. Such other and further relief as this Court may deem just and proper.

Dated:  December 11, 2025                OTKUPMAN LAW FIRM,
                                         A Law Corporation

                                         By: _____
                                         ROMAN OTKUPMAN
                                         Attorneys for Plaintiff

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated:  December 11, 2025                OTKUPMAN LAW FIRM,
                                         A Law Corporation

                                         By: _____
                                         ROMAN OTKUPMAN
                                         Attorneys for Plaintiff

FIRST AMENDED COMPLAINT                              10